Harry S. Cornish, Respondent, v. Edward H. Butler, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted.— Appeal from an order denying an application for a change of venue from New York county to Erie county.— INGRAHAM, J.: For the reasons stated in *Rogers* v. *Butler* (*ante*, p. 613) the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted. Van Brunt, P. J., McLaughlin and Hatch, JJ., concurred.

Annie Hogan, Respondent, v. Metropolitan Street Railway Company, Appellant.—Judgment and order reversed, new trial granted, costs to appellant to abide event.—Appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff which awarded her damages for the negligence of the defendant, and also from an order denying defendant's motion for a new trial.— HATCH, J.: We think the judgment in this case should be reversed upon the ground that the verdict upon which it was based is against the clear weight of the testimony given upon the trial. So far as the case of the plaintiff finds support, it is in the testimony given by the plaintiff alone and is either contradicted by affirmative oral testimony or by the circumstances surrounding the occurrence of the accident. The plaintiff testifies that on March 13, 1899, she took a car of the defendant at Seventeenth street to ride to Nineteenth street, where she resided; that the car stopped at the corner of Nineteenth street, and she got up to alight therefrom, being preceded by another lady passenger, who was also alighting at that point, and that as she was getting upon the step to alight the car suddenly started and she was thrown therefrom, struck upon the pavement and became unconscious. She was cut on the temple, across the forehead and on the lip, hand and shoulder. After the accident she was taken to the hospital but did not remain, returning home the same day. Thereafter she was under medical treatment from March fifteenth to the first day of June following. In support of her claim she called a policeman, who, however, did not see the accident and did not know how it happened. He testified that the first he saw was when the car came to a standstill on the north side of Eighteenth street, that being the first street south of where plaintiff resided, in which direction the car was running. He saw the plaintiff lying about 20 feet north of Eighteenth street. If the plaintiff's story was to be believed, that the car stopped at Nineteenth street and she was thrown therefrom by its sudden starting, and the story of the policeman be true as to where he found her, the starting of the car must have thrown her a distance, approximately, of 180 feet, which seems somewhat improbable. Another policeman, called by the plaintiff, testified that he did not see the accident, but saw the plaintiff lying in the street at about the second elevated pillar north of Eighteenth street, which would make the

distance where plaintiff lay slightly less from Nineteenth street than the other policeman placed her. This was all the testimony upon the part of the plaintiff. The testimony upon the part of the defendant was derived from three passengers who were upon the car, from Devey, a night watchman in Simpson, Crawford & Simpson's, and from Cobert, the conductor of the car at the time of the accident, but who was not at the time of the trial in the employ of the defendant. The defendant also showed that another of the passengers upon the car was in Europe, and that his testimony was not, therefore, available, and that the motorman of the car was not then in the employ of the defendant and could not be found. The conductor testified that after the car had passed Nineteenth street the plaintiff discovered such fact, immediately arose and started to leave the car, which was then in motion, and that he tried to stop her, but failed, and in getting off the car she was thrown to the street between Eighteenth and Nineteenth streets. In this respect he was corroborated by the three passengers and by Devey, the night watchman. It is, therefore, evident that the testimony of all the defendant's witnesses was clear and decisive to the effect that the plaintiff attempted to alight from the car when it was between Nineteenth and Eighteenth streets; that she was thrown to the pavement in making such attempt, and received the injuries of which she now complains. The testimony of the two policemen called in her behalf tends also to corroborate the story told by the defendant's witnesses, as there is little disparity between their testimony and that given by the defendant as to where the plaintiff lay in the street after the accident, and it seems to follow as an inevitable conclusion that she could not have been in the position where she lay unless she attempted to alight from the car after it had passed Nineteenth street. The right of the plaintiff to recover, therefore, came to rest upon her unsupported oral testimony, contradicted by all the other witnesses, both on the part of the plaintiff and the defendant, and by the circumstances of the case. Under such circumstances, the verdict ought not to be permitted to stand. The judgment and order should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event. Van Brunt, P. J., O'Brien, McLaughlin and Laughlin, JJ., concurred.

John C. Orr and Others, Respondents, v. Philip E. Wolff and Johanna Baumann, Appellants, Impleaded with Joseph C. Levi, Individually and as Trustee, and Others, Respondents.— As to the defendant Johanna Baumann, the personal judgment awarded against her in favor of the Alberene Stone Company reversed. In all other respects, judgment affirmed, with costs to respondents.— Appeal by the defendants Wolff and Baumann from a judgment giving a personal judgment against them and the defendant Schiller.— HATCH, J.: This action was brought to foreclose a mechanic's lien on the premises known as 209-213 East Fifty-third street in the city of New York. The complaint avers that the defendants Johanna Baumann and Fannie Schiller were jointly interested with the defendant Philip E. Wolff in the purchase and improvement of the property, and in the purchasing of materials for which liens have been filed; that the defendants Baumann and Schiller were copartners in those transactions with Wolff, and that he acted as agent and trustee for them as well as acting for himself, and that the defend-